Joan **BLESEDELL**, Valerie **Janos** and Gail **Bate**, Plaintiffs,

v.

**MOBIL OIL CO.,** Defendant.

No. 88 Civ. 3165 (GLG).

United States District Court, S.D. New York.

March 22, 1989.

Casper & de Toledo, Stamford, Conn. (Victoria de Toledo, of counsel), for plaintiffs.

Dechert Price & Rhoads, New York City (Howard S. Schrader, of counsel), Dechert Price & Rhoads, Philadelphia, Pa. (Mari Shaw, Michael J. Salmanson, Cecelia M. Comito, of counsel), for defendant.

## OPINION

GOETTEL, District Judge.

This employment discrimination case was commenced by the three plaintiffs pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging sex discrimination and sexual harassment. The defendant has made motions for summary judgment against each of the plaintiffs and additionally has moved to strike plaintiffs' claim for compensatory and punitive damages,[1] and to sever the action for separate trials. Because the facts of this case are somewhat intricate, they will be discussed as they apply to each motion.

## I. SUMMARY JUDGMENT STANDARD

Fed.R.Civ.P. 56(c) provides that summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The burden is on the moving party to demonstrate the absence of a material, factual dispute. Fed.R.Civ.P. 56(e); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). If that burden is met, the non-moving parties cannot sim-

---

**1.** The plaintiffs concede that compensatory and punitive damages cannot be recovered under Title VII. *O'Brien v. King World Prod.*, 669 F.Supp. 639, 641 (S.D.N.Y.1987). Because the plaintiffs have not alleged any state or common law causes of action that might support such a damage claim, the defendant's motion to strike the plaintiffs' demand for compensatory and punitive damages is granted.

ply rest on their complaint setting forth a valid cause of action. Fed.R.Civ.P. 56(e); *First Nat'l Bank v. Cities Services Co.*, 391 U.S. 253, 389, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). They "must set forth specific facts showing that there is a genuine need for trial," Fed.R.Civ.P. 56(e), and there must be more than merely "some metaphysical doubt as to [those] material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In determining whether that burden is met, however, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving parties. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam). In what has now been dubbed the 1986 Supreme Court "trilogy," the Court reaffirmed its support for Rule 56 as an important procedural tool. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Against this backdrop of summary judgment jurisprudence, we turn to the defendant's motions.

## II. SUBJECT MATTER JURISDICTION

The defendant has moved for summary judgment against plaintiff Bate on Count Three of the complaint on the ground that this court lacks subject matter jurisdiction over the claims alleged therein. The crux of the defendant's argument is that plaintiff Bate failed to file suit within 90 days of March 5, 1986, the date the Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). A recitation of the procedural history leading up to the filing of this action is essential to an analysis of this motion.

On December 24, 1984, plaintiffs Blesedell, Janos and Bate filed a joint complaint against Mobil Oil Corporation ("Mobil") with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"). Although the CCHRO accepted jurisdiction over the three claims, it expressed some concern with jurisdiction over Blesedell's and Janos' claims because the two, unlike Bate, were not Connecticut residents. Consequently, in February 1985, all of the plaintiffs also filed their claims with the New York State Division on Human Rights ("NYSDHR"). The NYSDHR informed plaintiffs' counsel that it lacked jurisdiction over the claims because they were pending in another agency.[2] In May 1985, the CCHRO dismissed Blesedell's and Janos' claims for lack of jurisdiction. The CCHRO maintained jurisdiction over Bate's claim. After the CCHRO dismissed Blesedell's and Janos' claims, plaintiff's counsel requested the NYSDHR to assume jurisdiction over these two claims. Thus, it appears that, at one time, the CCHRO had jurisdiction over Bate's claims and the NYSDHR had jurisdiction over Blesedell's and Janos' claims. In an effort to have all the plaintiffs' claims investigated by one agency, the plaintiffs' then asked the EEOC to exercise its original jurisdiction over the claims and subsequently withdrew Blesedell's and Janos' claims from the NYSDHR. Plaintiff Bate requested that the CCHRO forgo its continued processing of her claim in order for the EEOC to assume the investigation of all three claims.

On December 1, 1985, the NYSDHR dismissed Bate's claim for insufficient evidence. On December 3, 1985, plaintiffs' counsel contested the NYSDHR's finding on the grounds of insufficient investigation and lack of jurisdiction.[3] Counsel also brought her concerns to the attention of the Boston Regional Office of the EEOC, where Bate's claim had been filed and

---

**2.** The defendant contends that this assertion is unsupported by the record. We will not attempt to resolve that dispute herein as it is irrelevant for the purposes of deciding this motion.

**3.** The NYSDHR admitted that its investigation was insufficient. Indeed, they failed to contact plaintiff Bate during the course of this investigation.

which had proper jurisdiction over Bate's claim.

As a result of the NYSDHR dismissal, the New York Regional Office of the EEOC issued a right-to-sue letter on March 5, 1986. On April 30, 1986, counsel for Bate again wrote to the EEOC, further explaining the reason why the NYSDHR never had proper jurisdiction over Bate's claim. Accordingly, on May 8, 1986, the EEOC rescinded the March 5, 1986 right-to-sue letter and declared it null and void. In so doing, the EEOC recognized that the original filing with the CCHRO and Boston Regional Office of the EEOC in December 1985 was the valid charge. After allowing the EEOC two years to investigate the three claims, plaintiffs requested and received a subsequent right-to-sue letter on February 18, 1988. They then instituted this suit on May 6, 1988—within 90 days of receipt of the letter.

The defendant contends that the EEOC had no authority to rescind the first right-to-sue letter. Accordingly, it argues that the subsequently issued letter is invalid and the 90–day filing period must be measured from the first letter dated March 5, 1986. Both parties have advanced various constructions of the regulations accompanying Title VII in support of their arguments. The regulations do not appear to squarely address the situation presented by this case. Because we can decide the defendant's motion on other grounds, we decline to resort to unnecessary regulatory interpretation.

As a general matter, Title VII must be interpreted liberally to effectuate its purpose of eradicating employment discrimination. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982); *Love v. Pullman Co.,* 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972); *Dougherty v. Barry,* 34 Fair Empl.Prac.Cas. (BNA) 339, 340 (D.D.C.1984). Accordingly, we must not be blinded by strict procedural technicalities and must examine the propriety of the action before us in such a manner as to advance the purposes of Title VII. *Love v. Pullman Co.,* 404 U.S. 522, 526–27,

92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972). "Fairness, not excessive technicality, is the guiding principle under ... Title VII." *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 360 (D.C.Cir.1982) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982); *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)).

In accord with this interpretive guide, the filing requirements of Title VII have not been construed as jurisdictional prerequisites. *See Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 349 n. 3, 103 S.Ct. 2392, 2395 n. 3, 76 L.Ed.2d 628 (1983); *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed. 2d 234 (1982). *Accord Dougherty v. Barry,* 34 Fair Empl.Prac.Cas. (BNA) 339, 340 (D.D.C.1984) ("[T]here is no longer any dispute that the 90–day time limit contained in § 2000e–5(f)(1) is *not* jurisdictional." (emphasis in original)). Rather, the filing requirements are similar to a statute of limitations that can be waived or tolled when equity so requires. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). We must be ever mindful, however, that the principle underlying the filing requirements is "'to give prompt notice to the employer,' thereby encouraging conciliation where possible." *Snell v. Suffolk County,* 782 F.2d 1094, 1101 (2d Cir.1986) (quoting *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed. 2d 234 (1982)). Consequently, in *Foster v. Gueory,* 655 F.2d 1319 (D.C.Cir.1981), the court held that the purposes of the filing procedure were satisfied when the allegations of discrimination made by a party who had not exhausted his administrative remedies were sufficiently similar to the EEOC charge filed by one plaintiff. *Id.* at 1323. Because the defendant was put on notice of the charge and had an opportunity for conciliation, duplicative filings by other putative plaintiffs would have been futile. *Id.*

The Second Circuit adopted the "single filing rule" in *Snell v. Suffolk County,*

782 F.2d 1094 (2d Cir.1986). The standard, as enunciated therein, is: " '[W]here two plaintiffs allege that they were similarly situated and received the same discriminatory treatment, the purposes of the exhaustion requirement are adequately served if one plaintiff has filed an EEOC complaint.' " *Id.* at 1101 (quoting *De Medina v. Reinhardt*, 686 F.2d 997, 1013 (D.C.Cir. 1982). For a non-complying plaintiff to invoke the single filing rule, therefore, two factors must be present. First, at least one complying plaintiff must be a party to a suit. Second, Bate's claims must have arisen out of discrimination similar to or reasonably arising from the previously filed allegations. *Snell v. Suffolk County*, 782 F.2d 1094, 1101 (2d Cir.1986). In this case, both Blesedell and Janos have fully complied with the procedural filing requirements, satisfying the first prong of the test. With respect to the second requirement, the allegations of the three complainants are similar in many respects. All three plaintiffs allege discriminatory treatment on the basis of unequal pay as well as discriminatory conduct directed at them individually by the defendant's agent, R.G. Matheny. Indeed, all three worked under Matheny during the same time period and all complain of sexual discrimination by Matheny in the form of discriminatory decreases in their performance ratings and discriminatory placements on probation. Additionally, they all allege the existence of a hostile and intimidating work environment as a result of sexually oriented comments against female employees. Although there are naturally some factual differences between the plaintiffs' claims, it is clear that their claims all allege a system of discrimination at Mobil.[4]

It cannot be contested that the purposes of the filing requirements—notice and an opportunity for conciliation—were satisfied here. As early as December 10, 1984, when Bate filed a charge with the CCHRO, the defendant was put on notice of the charges levied against it. Moreover, it appears that efforts were made by the defendant and all three plaintiffs to reach a settlement. Under these circumstances, requiring plaintiff Bate to conform to the letter of the filing procedure would exalt form over substance.[5] Accordingly, we hold that Bate's claim is sufficiently similar to those filed by Blesedell and Janos to justify application of the single filing rule in this case. Accordingly, the defendant's motion for summary judgment against Bate for lack of subject matter jurisdiction is denied.

## III. STATUTE OF LIMITATIONS

The defendant has moved for summary judgment against all three plaintiffs on the ground that any claims based on events happening prior to the limitations period are barred. The time limit provisions of Title VII, as interpreted by the Supreme Court, establish the following procedural requirements for initiating a discrimination action with the EEOC. As a general rule, a complainant must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e).[6] If a com-

4. The similar nature of the plaintiffs' claims is discussed more fully in our analysis of the defendant's motion for separate trials. *See infra.*

5. Moreover, we note that the defendant has not demonstrated that it suffered any prejudice as a result of the EEOC's action. The EEOC's letter evincing its intent to rescind the determination of the NYSDHR and the right-to-sue letter was issued only two months after release of the first right-to-sue letter and a copy of the rescission was sent to Mobil. The defendant was fully cognizant from the start that the CCHRO had retained jurisdiction over Bate's claim. Indeed, the defendant argued before the NYSDHR that it should decline jurisdiction because the claim was pending before the CCHRO. The defendant

will not be permitted to take the contrary position now. Nor can the defendant claim a vested right in the EEOC's prior determination that Bate had not shown a probability of discrimination because it has not demonstrated any detrimental reliance. *See Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 246 (5th Cir.1980). In sum, we see no overriding reasons why we should not apply the single filing rule in this case.

6. That section provides:
 A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged

plainant initially institutes proceedings with an authorized state or local agency, the time for filing with the EEOC is extended to 300 days. *Id.; E.E.O.C. v. Commercial Office Products Co.,* —— U.S. ——, 108 S.Ct. 1666, 1668–69, 100 L.Ed.2d 96 (1988).

"In order to give States and localities an opportunity to combat discrimination free from premature federal intervention," *E.E. O.C. v. Commercial Office Products Co.,* —— U.S. ——, 108 S.Ct. 1666, 1669, 100 L.Ed.2d 96 (1988), the statute provides that "no charge may be filed [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated." 42 U.S.C. § 2000e–5(c). "In light of the 60–day deferral period, a complainant must file a charge with the appropriate state or local agency ... within 240 days of the alleged discriminatory event in order to ensure that it may be filed with the EEOC within the 300–day limit." *Id.*

■ All of the plaintiffs filed their complaints with the EEOC less than 60 days after filing with the CCHRO. In this circumstance, the EEOC complaint is held in "suspended animation", *Love v. Pullman Co.,* 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972), until the 60–day period expires or the state proceedings are terminated, whichever is earlier. *Mohasco Corp. v. Silver,* 447 U.S. 807, 817, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980). Accordingly, the 300–day limitations period in these cases is measured not from the actual filing with the EEOC but with the con-

structive filing that took place 60 days after filing with the state agency. Stated more simply, the limitations period in a situation such as this is measured back 240 days from the state filing. Thus, the limitations period as applied to each of the plaintiffs is as follows. Plaintiffs Blesedell and Janos filed their complaints with the NYSDHR on January 22, 1985. They are, therefore, barred from stating claims arising from actions occurring before May 27, 1984. Plaintiff Bate filed her complaint with the CCHRO on December 24, 1984. She is, therefore, barred from stating claims arising from actions occurring before April 28, 1984.

■ The plaintiffs argue that despite the limitations period, all their claims are timely because the claims are part of a continuing violation. When an employer engages in a continuous practice and policy of discrimination, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Miller v. International Tel. & Tel. Corp.,* 755 F.2d 20, 25 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). A continuing violation, however, may not be based on the continuing effects of an earlier discrimination, *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed. 2d 571 (1977), or on a completed act of discrimination. *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980).[7] The determination as to whether or not a continuing violation exists must be made on a case-by-case basis. *Id.* at 258 n. 9, 101 S.Ct. at 504 n. 9.

unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency

has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency. 42 U.S.C. § 2000e–5(e).

7. Actions which have been found to be completed acts include termination through discharge or resignation, job transfer, and discontinuance of a particular job assignment. *Bradley v. Consolidated Edison Co.,* 657 F.Supp. 197, 204 (S.D. N.Y.1987); *McPartland v. American Broadcasting Companies, Inc.,* 623 F.Supp. 1334, 1338 (S.D.N.Y.1985).

■ The plaintiffs have cited numerous cases from various federal courts but their omission of Second Circuit authority is telling. The courts of this circuit consistently have looked unfavorably on continuing violation arguments. *See, e.g., LaBeach v. Nestle Co.,* 658 F.Supp. 676, 687 (S.D.N.Y. 1987); *Bradley v. Consolidated Edison Co.,* 657 F.Supp. 197, 204 (S.D.N.Y.1987); *McPartland v. American Broadcasting Companies, Inc.,* 623 F.Supp. 1334, 1338 (S.D.N.Y.1985). Indeed, only "compelling circumstances" will warrant application of the exception to the statute of limitations. *LaBeach v. Nestle Co.,* 658 F.Supp. 676, 687 (S.D.N.Y.1987). To establish a continuing violation, "a plaintiff must show 'a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period.' " *Id.* at 686 (quoting *Valentino v. United States Postal Serv.,* 674 F.2d 56, 65 (D.C.Cir.1982).[8] Applying this standard to the facts of each case, we reach the following conclusions.

### A. *Plaintiff Bate*

■ Plaintiff Bate alleges one incident of sexual harassment occurring in 1982. She also alleges a number of derogatory comments directed at her occurring in 1978. These claims cannot be said to relate to acts of the plaintiff's supervisor, R.G. Matheny, that occurred within the statutory period. Each is a completed, distinct act occurring outside the limitations period. Accordingly, claims based on these incidents are barred by the statute of limitations.

■ Bate further alleges that discriminatory failure to promote her was a continuing violation. Bate alleges that she was turned down for promotions in 1978, 1982, and 1983. She further contends that she was not made aware of promotion opportunities in 1984. Initially, we have doubts that the plaintiff has alleged an actionable wrong regarding the failure to promote within the statutory period. Plaintiff was last turned down for a promotion in 1983, at least one year prior to the limitations cut-off. It is questionable whether Bate's continued hope that she would be promoted and her allegation that she was not advised of promotion opportunities constitutes actionable discrimination. Bate has not alleged that she was treated differently than other similarly situated employees with regard to notice of promotion availability. Even were her claim proven to be viable, we agree with the District Court of Connecticut that past incidents of failure to promote do not constitute a continuing violation.[9] In *Wingfield v. United Technologies Corp.,* 678 F.Supp. 973, 979–82 (D.Conn.1988), the court held that the plaintiffs claims of demotion and failure to promote occurring prior to the limitations period were time-barred. The court stated that "[d]iscrete violations of different character and time do not necessarily fit into a pattern of a continuing violation, and '[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.' " *Id.* at 979 (quoting *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980)). The plaintiff herein has alleged no facts tending to connect the promotion incidents except that they involved the same employee.[10] Ac-

---

**8.** None of the plaintiffs have made the argument that the defendant maintains a policy of discrimination. Consequently, our focus is on whether the acts outside the limitations period are related to those within.

**9.** The plaintiffs urge this court to follow the lead of the Fifth Circuit Court of Appeals in holding that a failure to promote constitutes a continuing violation. *See Trevino v. Celanese Corp.,* 701 F.2d 397, 402 (5th Cir.1983); *Clark v. Olinkraft, Inc.,* 556 F.2d 1219, 1222 (5th Cir.1977), *cert. denied,* 434 U.S. 1069, 98 S.Ct. 1251, 55 L.Ed.2d

772 (1978). *Accord Brown v. Brown,* 528 F.Supp. 686, 690 (D.N.J.1981). We recognize the divergence of authority on this issue and are persuaded by the analysis conducted by the District of Connecticut.

**10.** "Evidence of adverse action taken with respect to other employees is not probative on the question of whether the actions taken against plaintiff individually are 'a series of related acts.' " *Wingfield v. United Technologies Corp.,* 678 F.Supp. 973, 982 (D.Conn.1988).

cordingly, we agree with the *Wingfield* court that "[t]o find a series of related acts in this case would be to hold that a continuing violation exists every time an employer commits multiple acts of discrimination against a single employee. To so hold would completely undermine the purpose of the ... filing requirements." *Id.* at 982. Accordingly, plaintiff Bate may not recover for the failure to promote incidents that occurred prior to April 28, 1984.

Bate also raises claims of pay discrimination. Bate contends that she first complained about receiving discriminatorily low pay in 1978 and continued to complain throughout her employment. Moreover, Bate alleges that she suffered further pay discrimination when her pay raise was frozen after receiving a purportedly discriminatory evaluation in April 1984. The plaintiff argues that each discriminatorily low paycheck constitutes a violation of Title VII. *See Satz v. ITT Fin. Corp.*, 619 F.2d 738, 743 (8th Cir.1980); *Clay v. Quartet Mfg. Co.*, 644 F.Supp. 56, 58 (N.D.Ill.1986); *Derouin v. Louis Allis Div.*, 618 F.Supp. 221, 223 (E.D.Wis.1984). In response, the defendant contends that because Bate received a pay raise in June 1983, any wage claim she had accrued on that date and any disparity occurring after that date was merely a continuing effect of prior discrimination. We disagree with both propositions. The plaintiff is entitled to offer proof of pay discrimination occurring during the limitations period. Although Bate may not recover for the disparate salary earned prior to the limitations period, any discrimination occurring within the statutory period may form the basis of a claim under Title VII. Accordingly, the defendant's motion for summary judgment as it pertains to plaintiff Bate's wage claims accruing within the limitations period is denied.

Finally, the defendant contends that Bate's claims arising from her alleged discriminatory evaluation and subsequent placement on warning status and probation are also barred by the statute of limitations. Specifically, the defendant argues that the discriminatory evaluation occurred in December 1983, prior to the limitations cut-off, and that the subsequent actions are merely effects of the time-barred discriminatory conduct. The plaintiff counters first that the discriminatory evaluation was prepared, signed and delivered to Bate in April 1984.[11] If the document was received within the statutory period, the claims of discriminatory evaluation, placement on warning status and probation would all be timely. If, on the other hand, the evaluation was received outside the limitations period, the subsequent placement on warning status and probation would nonetheless be timely. Contrary to the defendant's assertion, these acts cannot be labelled as mere effects of the prior act of discrimination. Unlike the case of *LaBeach v. Nestle Co.*, 658 F.Supp. 676, 678 (S.D.N.Y.1987), cited by the defendant, in which the court found that loss of income accompanying a demotion was merely an effect of past discrimination, the events alleged by Bate are separate acts of discrimination. Moreover, the interrelationship between the discriminatory evaluation and the subsequent acts sufficiently evidences the existence of a continuing violation. In this instance, the plaintiff has alleged " 'a series of related acts, one or more of which falls within the limitations period.' " *Id.* at 686. The discriminatory evaluation, it is alleged, was the catalyst for a series of discriminatory actions. These subsequent actions were not mere consequences or effects of the evaluation. Rather, they were distinct acts of discrimination which were rooted in the evaluation. Consequently, the alleged discriminatory evaluation, and acts of placing the plaintiff on warning status and probation are timely.

In sum, the defendant's motion for summary judgment against plaintiff Bate is granted with respect to claims accruing prior to April 28, 1984 with the exception of plaintiff's claims arising from discriminato-

---

**11.** The document at issue does not appear as an exhibit to the motion papers so we cannot tell with certainty whether the document was produced before April 28, 1984. Deposition testimony by the plaintiff, however, indicates that she received the evaluation in late April 1984.

ry evaluation and placement on warning status and probation.

## B. *Plaintiff Janos*

■ The defendant argues that plaintiff Janos' pay claims are untimely because they either accrued when she was assigned to the position of Area Specialist in November 1983 or accrued when her salary was frozen after receiving an alleged discriminatory evaluation in April 1984. Janos continued to receive pay checks, however, well into the statutory period. As stated above, Janos is entitled to offer proof of pay discrimination occurring within the statutory period. Accordingly, the defendant's motion for summary judgment against Janos on her unequal pay claims arising within the statutory period is denied.

The defendant also seek summary judgment on Janos' claims arising from her alleged discriminatory evaluation and subsequent placement on warning status and probation. Because the evaluation was produced in April 1984, it falls outside of the limitations period. However, as stated above, claims arising from the evaluation and placement on warning status and probation are nonetheless timely because they constitute a continuing violation.

Accordingly, the defendant's motion for summary judgment against plaintiff Janos on statute of limitations grounds is granted with respect to claims accruing prior to May 27, 1984 with the exception of plaintiff's discriminatory pay claim based on paychecks issued on or after that date, and claims arising from discriminatory evaluation and placement on warning status and probation.

## C. *Plaintiff Blesedell*

■ As with the other plaintiffs, the defendant contends that Blesedell's wage claims are barred by the statute of limitations. Blesedell alleges that she was discriminated against with respect to pay throughout her employment. As stated above, the plaintiff is entitled to offer proof of pay discrimination occurring within the statutory period. Accordingly, the defendant's motion for summary judgment

against Blesedell on her unequal pay claims arising within the statutory period is denied.

The defendant also argues that claims arising from Blesedell's discriminatory evaluation and placement on warning status and probation are time-barred. However, as stated above, claims arising from the evaluation and placement on warning status and probation are nonetheless timely because they constitute a continuing violation.

Additionally, the defendant argues that Blesedell's allegations of sexual harassment occurring prior to the limitations period are time-barred. Blesedell has alleged a series of sexually derogatory comments occurring with some frequency during the entirety of her employment with Mobil—beginning with her initial interview in 1976 and continuing until April 1984. To assert a continuing violation, however, a plaintiff must allege that the past acts of discrimination relate to at least one act occurring within the statutory period. The statute of limitations precludes Blesedell from asserting claims arising from acts occurring prior to May 27, 1984. Because none of the allegedly derogatory comments occurred within the limitations period, claims arising from those comments are time-barred.

The defendant also seeks to bar recovery on Blesedell's claims of physical sexual harassment. Blesedell alleges numerous incidents of sexual harassment beginning in 1980 and continuing until September 1984. The majority of the alleged incidents occurred outside the limitations period by different personnel at different times and locations. The plaintiff alleges primarily two incidents occurring within the statutory period. First, the plaintiff alleges that, in September 1984, one of Mobil's managers pressured Blesedell to go to his hotel room to have sexual intercourse with him. Second, the plaintiff alleges that in late 1984 and the spring of 1985, plaintiff's supervisor, I.W. Jordan, continually made suggestive comments to her and touched her inappropriately. This conduct was particularly offensive to the plaintiff because Jordan had been the source of alleged sex-

ual harassment of Blesedell when she worked for him in April and May 1980. Clearly, the incidents occurring in late 1984 and 1985 are within the statutory period. The inquiry then becomes whether the prior acts alleged by Blesedell can form the basis of a claim of sexual harassment under the notion of a continuing violation. As we have stated at length above, the continuing violation doctrine requires at least one act in the statutory period which is related to the past act of discrimination. In this instance, the only prior acts which can be said to relate to a timely action are the incidents involving Jordan in 1980. The four year interval between the incidents, however, vitiates the notion of a continuing violation. Although the events involved the same Mobil employee, it cannot be said that the sum total of the incidents equals a continuing violation. The other incidents were by unrelated personnel at unrelated times and cannot create viable causes of action as a continuing violation. Accordingly, the statute of limitations bars Blesedell's claims of sexual harassment arising before May 27, 1984.

The defendant's motion for summary judgment against plaintiff Blesedell on statute of limitations grounds is granted with respect to claims accruing prior to May 27, 1984 with the exception of claims arising from discriminatory evaluation and placement on warning status and probation.

 It is important to note at this juncture that our actions herein do not substantially affect the quantity of proof that the plaintiffs will be entitled to offer at trial. As stated by the Supreme Court, a discriminatory act occurring outside the limitations period "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). Although the plaintiffs are barred from asserting claims based on acts occurring

outside the limitations period, we do not now exclude evidence of these acts at trial.

## IV. SEXUAL HARASSMENT

 The defendant has moved for summary judgment on the ground that the plaintiffs' claims of sexual harassment are inadequate as a matter of law. Claims of sexual harassment are cognizable under Title VII. As the Supreme Court stated in *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986),

> [i]n defining "sexual harassment," the [EEOC] Guidelines first describe the kinds of workplace conduct that may be actionable under Title VII. These include "[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." 29 C.F.R. § 1604.11(a) (1985). Relevant to the charges at issue in this case, the Guidelines provide that such sexual misconduct constitutes prohibited "sexual harassment," whether or not it is directly linked to the grant or denial of an economic *quid pro quo,* where "such conduct has the purpose or effect of unreasonably interfeing with an individual's work performance or creating an intimidating, hostile, or offensive working environment." § 1604.11(a)(3).

Consequently, the Court determined that "a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Id.* at 66, 106 S.Ct. at 2405. The question of whether sexual harassment has created a hostile work environment is based on a reasonableness standard. As stated by the Sixth Circuit Court of Appeals,

> [t]o accord appropriate protection to both plaintiffs and defendants in a hostile and/or abusive work environment sexual harassment case, the trier of fact, when judging the totality of the circumstances impacting upon the asserted abusive and hostile environment placed in issue by the plaintiff's charges, must adopt the perspective of a reasonable person's reaction to a similar environment under essentially like or similar circumstances.

*Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 620 (6th Cir.1986), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987). There can be no doubt that such an assessment must be made at trial and not on a motion for summary judgment. Any question of reasonableness must be answered on a full record and upon evaluation of live testimony. Consequently, so long as the plaintiff has alleged actionable incidents of sexual harassment, the determination of whether they have created a hostile work environment must await trial.

### A. *Plaintiff Bate*

Plaintiff Bate's only claim of sexual harassment arises from an incident in 1982 when a training supervisor pounded on her hotel room door and demanded to have sexual intercourse with her. We have previously determined that this claim falls outside of the statute of limitations and is not part of a continuing violation. *See supra.* Accordingly, plaintiff Bate cannot sustain a cause of action for sexual harassment under Title VII and the defendant's motion in this respect is granted.

### B. *Plaintiff Janos*

■ Plaintiff Janos alleges incidents of sexual harassment perpetrated by three supervisors, R.G. Matheny, B.A. Henry and R. McCool. These incidents included derogatory comments and inappropriate touching.[12] Such behavior is sufficient to raise an issue of fact for trial. *See Carrero v. New York City Housing Authority,* 668 F.Supp. 196, 201–202 (S.D.N.Y.1987). Accordingly, the defendant's motion for summary judgment against plaintiff Janos on her claim of sexual harassment is denied.

### C. *Plaintiff Blesedell*

The defendant contends that it cannot be held liable for what it terms the "McFadden incident." P. McFadden was plaintiff Blesedell's fellow employee who, in September 1984, made a most indelicate and crude advance at the plaintiff in the presence of third parties, asserting in language that we cannot here repeat, that he intended to fornicate with her prior to the end of her tenure with the company. The plaintiff further alleges that, although she complained to her supervisors, appropriate measures were not taken. Mobil, on the other hand, contends that it immediately launched an investigation of the incident and reprimanded the wayward employee. This clearly is a dispute that must be settled at trial.

■ The defendant also argues that it cannot be held liable for the incident because McFadden was not Blesedell's supervisor. We know of no authority, and the defendant offers none, that precludes liability for sexual harassment/hostile work environment when the perpetrator is merely a fellow employee and not a supervisor. The plaintiff has not alleged *quid pro quo* sex discrimination which requires that the harassment come from a supervisor. *Rabidue v. Osceola Refining Co.,* 805 F.2d 611, 618 (6th Cir.1986), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987). Rather, Blesedell asserts a claim that McFadden's conduct, along with other incidents of alleged harassment by other Mobil employees, created a hostile work environment in violation of Title VII. The question of whether McFadden's actions, accompanied by Mobil's response, created a hostile work environment is an issue of fact that is inappropriate on summary judgment. Accordingly, the defendant's motion for summary judgment on the McFadden incident is denied.

## V. CONSTRUCTIVE DISCHARGE

### A. *Plaintiff Bate*

■ The defendant seeks summary judgment against plaintiff Bate on the ground that she has failed to create a genuine issue of material fact that she was constructively discharged. The defendant

12. The dates of these incidents are not specifically identified. Although the defendant asserts that other claims are untimely, it does not suggest that all claims are time-barred. According-

ly, we will assume that such incidents are within the statutory period. If this assumption is later disproved, the plaintiff will not be able to recover on claims based thereon. *See supra.*

argues that the plaintiff was hopelessly unhappy in her job and had decided to resign on her own accord. "A finding of constructive discharge in violation of ... Title VII requires that the trier of fact ' "be satisfied that the * * * working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." ' " *Martin v. Citibank, N.A.*, 762 F.2d 212, 221 (2d Cir.1985) (quoting *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir.1983) (quoting *Alicea Rosado v. Garcia Santiago*, 562 F.2d 114, 119 (1st Cir.1977)). It is clear that this is not an issue to be determined on summary judgment. A determination of whether Bate reasonably felt compelled to resign must be made on the basis of testimony provided at trial. The defendant's motion is, therefore, denied.

### B. *Plaintiff Blesedell*

Mobil contends that Blesedell's constructive discharge claim must be dismissed because this claim was not raised before the state and federal agencies. A party must, of course, file a timely charge with the E.E.O.C. and obtain a right-to-sue letter as a condition precedent to the filing of a Title VII action. 42 U.S.C. § 2000e–5(a), (b).[13] Generally, a court may consider, in addition to the original E.E.O.C. charges, those claims "reasonably related" to the charges raised before the EEOC *Almendral v. New York State Office of Mental Health*, 743 F.2d 963, 967 (2d Cir.1984) (citing *Kirkland v. Buffalo Board of Education*, 622 F.2d 1066, 1068 (2d Cir.1980) (per curiam)); *Bradley v. Consolidated Edison Co.*, 657 F.Supp. 197, 202 (S.D.N.Y.1987). Claims that are reasonably related to or grow out of the EEOC claims are those which "address that same alleged course of discrimination" and those which "constitute allegations of continuing discrimination." *Id.* at 967.

In the instant matter, Blesedell's original complaint with the EEOC alleges sexual harassment by a superior during her term of employment with Mobil. Her amended complaint gives further detail about the original sexual harassment charge and enumerates subsequent incidents of sexual harassment. Blesedell then claims that this harassment forced her to resign and thus she was constructively discharged. As alleged, the escalation of sexual harassment contributed to the plaintiff's constructive discharge. It seems plain to this court that Blesedell's claim of constructive discharge is reasonably related to her original complaint as they both address the same course of discrimination. *See Davis v. Buffalo Psychiatric Center*, 613 F.Supp. 462 (W.D.N.Y.1985) (allowing the addition of a discharge claim, inter alia, to the original claim of racial and gender discrimination regarding transfers and promotions), *vacated in part on other grounds*, 623 F.Supp. 19 (W.D.N.Y.1985). Consequently, Mobil's motion for partial summary judgment against Blesedell on the grounds that her constructive discharge claim was not presented to the state or federal agencies is denied.

## VI. RELEASE

Mobil Oil moves for summary judgment against plaintiff Janos on the ground that her claim is barred by a general release signed by her.[14] Although it is possible for an employee to waive a cause of action under Title VII, the effectiveness of such a waiver must be determined at the outset by whether it was voluntary and knowing. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011, 1021 n. 15, 39 L.Ed.2d 147 (1973). The approach utilized in this district to determine whether a release is voluntary examines six factors: 1) the plaintiff's education and business experience; 2) the amount of time the plaintiff had possession of or access to the agreement before signing it; 3)

---

**13.** As noted *supra,* these requirements are not jurisdictional and may be waived in appropriate circumstances.

**14.** An initial reading of the document signed by Janos suggests that the release constituted a waiver of claims relating to her termination, but not of claims regarding employment discrimination.

the role of the plaintiff in deciding the terms of the agreement; 4) the clarity of the agreement; 5) whether the plaintiff was represented by or consulted with an attorney; and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract law. *E.E. O.C. v. American Express Publishing Corp.*, 681 F.Supp. 216, 219 (S.D.N.Y.1988).

■ Applying these factors to the instant matter, only the first one, Janos' education and experience, is not in dispute and militates in favor of granting summary judgment. Janos has an associate's degree and took college courses while employed at Mobil. She also had approximately ten years of business experience with Mobil. Thus, these facts weigh in favor of finding a voluntary waiver and of granting defendant's motion.

Nevertheless, there are genuine issues of material fact, regarding the remaining factors, that raise sufficient questions as to the voluntary and knowing character of the release which preclude granting summary judgment. First, there is a genuine dispute as to when Janos received the release contained within the benefit book. Second, Janos had no role in negotiating the terms of the release. Third, there is a genuine dispute as to the clarity of the release signed by Janos and whether she understood that she was waiving all claims against Mobil. Fourth, whether Janos was represented by or consulted with an attorney regarding this release is also in dispute.

The disputes over these factors, particularly when inferences are drawn in the non-moving party's favor as is appropriate on this motion, raise genuine issues of material fact precluding summary judgment against plaintiff-Janos under Federal Rule 56.

## VII. MOTION FOR SEPARATE TRIALS

■ The defendant moves this court pursuant to Fed.R.Civ.P. 20(a) and 21 to sever the trials of plaintiffs Blesedell, Janos and Bate. Rule 20 states two requirements for proper joinder: (1) the right to

relief sought by all three plaintiffs must arise out of the same transaction or occurrence, or series of transactions or occurrences; and (2) a common question of law or fact as to all three plaintiffs must arise in the action. Both requirements must be satisfied for joinder to be proper under Rule 20. *Music Merchants' Inc. v. Capitol Records*, 20 F.R.D. 462, 464 (E.D.N.Y. 1957). The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (citing 7 C. Wright, *Federal Practice and Procedure*, § 1652 at 265 (1972)). Reflecting this policy, the Supreme Court has stated that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

In ascertaining whether a particular situation constitutes a transaction or occurrence for purposes of Rule 20(a), a case by case approach is generally pursued. *Mosley*, 497 F.2d at 1333. The construction of the terms "transactions or occurrences" as used in the context of Rule 13(a) counterclaims offer guidance to the application of those terms under Rule 20. *Id.* For the purposes of Rule 13(a), " '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Stock Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926). Accordingly, the analogous interpretation of the terms as used in Rule 20 would permit all "logically related claims" by or against different parties to be tried in a single proceeding. *Mosley*, 497 F.2d at 1333.

The plaintiffs in the instant matter have asserted a right to relief arising out of the same type of transactions or occurrences. All three of the plaintiffs allege that they were paid less than males employed by the

defendant in comparable positions. All three of the plaintiffs also complain of comments made to them by a single male employee as well as various other male employees, evidencing the defendant's general attitude toward female employees. All three of the plaintiffs also allege sexual harassment during their tenure at Mobil and again name at least one common actor. Additionally, all of the plaintiffs complained of this harassment to a superior and obtained no response. Furthermore, and most significantly, all of the plaintiffs complain of sexually discriminatory actions by Mr. R.G. Matheny, their supervisor for a nine-month period, in placing them on probation and in decreasing their performance ratings. Again, all three of the plaintiffs allege that they complained of this treatment and received no response. Thus, all of the plaintiffs allege that they had been injured by the same general policy of permitting discrimination against women. A company-wide policy purportedly designed to discriminate against females in employment arises out of the same series of transaction or occurrences. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1334 (1974). Consequently, the plaintiffs meet the first requirement under Rule 20(a).

The second requisite necessary to sustain a permissive joinder under Rule 20(a) is that a question of law or fact common to all the parties must arise in the action. The rule does not require that *all* questions of law and fact raised by the dispute be common. *Id.* On the contrary, Rule 20(a) provides for a joinder of parties if there is *any* question of law or fact common to all. In employment discrimination cases under Title VII, courts have found that the discriminatory character of a defendant's conduct is common to each plaintiff's recovery, and the fact that individual plaintiffs may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact. *Id.; Hicks v. Crown Zellerbach Corp.*, 49 F.R.D. 184, 187–88 (E.D.La.1968). In this case, the plaintiffs clearly have alleged multiple common questions of law and fact. The particular cir-

cumstances alleged by all of the plaintiffs regarding the discriminatory practice of unequal pay, as well as the discriminatory actions of the defendant's agents, particularly Mr. Matheny's actions, provide support for a finding of commonality, and thus the second requirement of Rule 20(a) is also satisfied.

The defendant claims that because none of the plaintiffs knew any of the facts underlying the other plaintiffs' claims, none of the plaintiffs will have evidence that is admissible to support the other plaintiff's claims. The defendant cites *Moorhouse v. Boeing Co.*, 501 F.Supp. 390 (E.D.Pa.), *aff'd*, 639 F.2d 774 (3d Cir.1980), in support of its contention. *Moorhouse* is distinguishable from the case at hand, however, because it involved five age discrimination actions tried before a jury. When a jury is involved there are additional considerations that do not arise in a bench trial. For example, the confusing nature of multiple claims and multiple demands for relief may be relevant to a demand for severance in a jury trial but will not be an issue in a bench trial. In this instance, proof may be had by all the parties without threat of confusion of issues and overlapping relief. Accordingly, the defendant's motion to sever the trial of the plaintiffs pursuant to Rule 20(a) is denied.

## VIII. CONCLUSION

In sum, the volume of paper generated by this wave of motions has accomplished little toward the end of narrowing the issues for trial. The disposition of all of the defendant's motions is as follows:

1. The defendant's motion for summary judgment against Bate for lack of subject matter jurisdiction is denied.

2. The defendant's motion for summary judgment against Bate on statute of limitations grounds is granted with respect to claims accruing prior to April 28, 1984 with the exception of claims arising from discriminatory evaluation and placement on warning status and probation. The defendant's motion for summary judgment on Bate's claim of sexual harassment is granted. The defendant's motion for summary judgment on Bate's claim of constructive discharge is denied.

3. The defendant's motion for summary judgment against Janos on statute of limitations grounds is granted with respect to claims accruing prior to May 27, 1984 with the exception of plaintiff's claims arising from discriminatory evaluation and placement on warning status and probation. The defendant's motion for summary judgment on Janos' claim of sexual harassment is denied, as is its motion for summary judgment on the ground that Janos signed a valid release of claim.

4. The defendant's motion for summary judgment against Blesedell on statute of limitations grounds is granted with respect to claims accruing prior to May 27, 1984 with the exception of plaintiff's claims arising from discriminatory evaluation and placement on warning status and probation. The defendant's motion for summary judgment on Blesedell's claim of sexual harassment is denied, as is its motion for summary judgment on Blesedell's constructive discharge claim.

5. The defendant's motion for separate trials is denied.

6. The defendant's motion to strike plaintiffs' requests for compensatory and punitive damages is granted without opposition.

SO ORDERED.