**Sherry Kellogg DETRICK, Plaintiff,**

v.

**H & E MACHINERY, INC., Defendant.**

No. 95–CV–6339L.

United States District Court,
W.D. New York.

July 26, 1996.

Paige S. Anderson, Lopinto, Schlather, Solomon & Salk, Ithaca, NY, for plaintiff.

Nelson E. Roth, Barney, Grossman, Roth & Dubow, Ithaca, NY, for defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff Sherry Kellogg Detrick ("Detrick") contends that she was the victim of sexual harassment while employed with defendant H & E Machinery, Inc. ("H & E"). Detrick began her employment with H & E on its production floor in September 1990, as a machine operator. H & E manufactures highly refined, computer designed turbine blades and related products. She contends that she suffered sexual harassment from several co-employees, but that the main offender was the plant manager, Whit Hastings ("Hastings"). Detrick was promoted several times until ultimately, she was transferred off the floor (she contends to get away from Hastings) to the position of purchasing assistant. She remained in this position until she was terminated in March 1994, allegedly due to her failure to adequately perform her job.

On November 1, 1994, Detrick filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("DHR"). On May 16, 1995, the EEOC issued a "right to sue" letter. On July 27, 1995, Detrick filed her complaint in this Court alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the New York Human Rights Law, Executive Law § 290, et seq., the Equal Pay Act, 29 U.S.C. § 206, et seq., and pendant State claims for intentional infliction of emotional distress and negligence.

H & E now moves for summary judgment dismissing Detrick's first cause of action for sexual harassment on the ground that her action is time-barred because she failed to file her complaint with the EEOC within 300 days of the alleged improper conduct. H & E contends Detrick's pendant state law claims are also time-barred.

Finally, H & E contends that it is entitled to judgment on Detrick's Equal Pay Act claim. For the reasons set forth below, H & E's motion is granted in all respects.

### BACKGROUND

In September 1990, Detrick was employed at H & E on its production floor as a machine operator. According to Detrick, the sexual harassment began almost immediately. She was subjected to a constant barrage of vulgar sexual remarks and innuendo by Hastings, the primary offender, and other H & E employees. Within approximately three months, she was promoted to a machining line and was directly supervised by Hastings. The harassment continued. Hastings continually referred to Ms. Kellogg's claimed sexual relationships with others, deliberately brushed against her and touched her, bought her flowers, told offensive sex-related jokes and made sexually explicit comments to her, constantly interrupted her work, and com-

plained when she talked to other H & E workers.[1] (Detrick's Affidavit.) Detrick contends that other H & E employees joined in the harassment. In July 1991, she was promoted to the position of production coordinator and the harassment allegedly continued.

Detrick claims to have reported these alleged incidents to management "many times;" however, H & E contends they were notified of the allegedly improper behavior on only two occasions.[2] The first incident occurred on February 14, 1992, when Hastings gave Detrick flowers but did not give flowers to any other woman at H & E. Detrick contends that the next day, she was summoned to general manager Paul Stearns' ("Stearns") office and was asked about the flower incident. The second incident occurred on May 17, 1992, when Detrick found a yellow "post-it" note with the word "slut" written on it stuck to her time card. She immediately took it to Stearns. The facts regarding what was said and the ultimate resolution of these incidents are in dispute.[3] However, Detrick contends H & E failed to take adequate remedial measures and the harassment continued. Detrick contends that she repeatedly told Sterns that the harassment was continuing and repeatedly asked to be moved to a position away from Hastings.

In March 1993, Detrick was "promoted" to the position of purchasing assistant. The major benefit of this promotion was that it was in the office, away from the shop floor and the harassment. Detrick contends that although she was initially relieved to be away from Hastings, the new position was "completely unsuitable." She argues that she was expected to do the work of a purchasing assistant (her new position) as well as that of

her new supervisor, Jutta Locker, a co-owner of H & E, while Locker was on maternity leave. Detrick contends that Locker had support staff and that Detrick was expected to perform the work without any such staff. She contends she repeatedly asked Stearns, her new supervisor, for help or asked that the workload be made more manageable.

On March 3, 1994, Detrick was told that she was not capable of performing the work expected of her and that there was no other position suitable for her in the company. Accordingly, Detrick believed that her employment with H & E was terminated.

On November 1, 1994, Detrick filed her complaint with the EEOC and the DHR. There, she states that she was employed with H & E from September 1990, through March 3, 1994, and that "during the period of [her] employment with H & E" she "endured a steady barrage" of hostile and offensive comments and conduct. On July 27, 1995, Detrick filed the instant action.

## DISCUSSION

### A. Summary Judgment Standards

A party is entitled to summary judgment under Federal Rule of Civil Procedure 56 when there is no disputed material issue of fact and judgment in favor of the moving party is appropriate as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden to demonstrate that there is no evidence to support the nonmoving party's case, the nonmoving party must come forward, and by "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'" identify specific facts demonstrating the existence of a genuine issue for trial. *Id.* at 324–25, 106

---

**1.** Detrick's Affidavit and her response to defendant's first set of interrogatories are replete with examples of alleged incidents of sexual harassment too numerous to mention.

**2.** Detrick disputes this contention, stating that "[b]etween March 1992 and March 1993 I asked, numerous times, whether I could be moved into a different position, away from Whit Hastings, who was harassing me. During that time period, [Paul] Stearns [H & E's General Manager] asked me many times how things were going; every

time, I told him that Hastings continued to harass me." (Detrick's Affidavit at ¶ 7.)

**3.** H & E contends Detrick was told that there was a company policy against sexual harassment, that her job was not in jeopardy, that Hastings would be disciplined, and that she should let them know if any other incidents occurred. There was apparently also some discussion that Detrick should write-up a job description so that her job could be changed to avoid contact with Hastings.

S.Ct. at 2553–54. The evidence presented must be admissible under the evidentiary standard to be used at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Finally, any "inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the [nonmoving] party" and any admissible facts asserted by the nonmoving party that are uncontroverted must be regarded as true. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

### B. The Timeliness of Detrick's Title VII Claims

■ The barrier to the maintenance of Detrick's Title VII claim is the statute of limitations. Because Detrick filed her complaint with the DHR, she was required to file her EEOC complaint within 300 days of the alleged wrongful employment practice. 42 U.S.C. § 2000e–5(e); *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408 (S.D.N.Y.1989). Detrick states in her affidavit that the alleged harassment ceased when she was transferred off the shop floor in March 1993. Her lawyer further conceded that this was the case at oral argument on H & E's motion. However, Detrick did not file her complaint with the EEOC until November 1, 1994, well beyond the 300 day window prescribed by Title VII.

■ Detrick nevertheless contends that her claim is timely under a "continuing violation" theory. Detrick argues that her transfer, an inadequate remedial measure, and ultimately her termination was "a continuation of defendant's practice and policy of discrimination." Accordingly, she contends the statutory period did not begin to run until she was fired on March 3, 1994. She contends, therefore, that her November 1, 1994 filing with the EEOC was timely.

■ As a preliminary matter, "[t]he courts of this circuit consistently have looked unfavorably on continuing violation arguments." *Blesedell,* 708 F.Supp. at 1415 (citations omitted). "Indeed, only 'compelling circum-

stances' will warrant application of the exception to the statute of limitations." *Id.,* citing *LaBeach v. Nestle Co.,* 658 F.Supp. 676, 687 (S.D.N.Y.1987).

■ The continuing violation doctrine provides that when an employer engages in "a continuous practice and policy of discrimination, 'the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" *Miller v. International Tel. & Tel. Corp.,* 755 F.2d 20, 25 (2d Cir.1985). "To establish a continuing violation, 'a plaintiff must show "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period."'" *Blesedell,* 708 F.Supp. at 1415 (citation omitted).

> "While discrete incidents of discrimination that are not related to discriminatory policies or mechanisms may not amount to a continuing violation, *see, e.g., Lambert v. Genesee Hospital,* 10 F.3d 46, 53 (2d Cir. 1993), ... a continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice."

*Cornwell v. Robinson,* 23 F.3d 694, 704 (2d Cir.1994). It is well-settled, however, that a continuing violation "may not be based on the continuing effects of an earlier discrimination, ... or on a completed act of discrimination." *Blesedell,* 708 F.Supp. at 1414 (citations omitted).

In *Johnson v. Nyack Hosp.,* 891 F.Supp. 155 (S.D.N.Y.1995), the court adopted the test articulated in *Berry v. Board of Supervisors of Louisiana State University,* 715 F.2d 971 (5th Cir.1983), *cert. denied,* 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986) ("*Berry* Test") for determining whether there has been a continuing violation. Other courts in New York have used this test. *See McKenney v. New York City Off–Track Betting Corp.,* 903 F.Supp. 619 (S.D.N.Y.1995); *White v. Arab Banking Corp.,* 1996 WL

191727 (S.D.N.Y.1996); *Davis v. City Univ. of New York,* 1996 WL 243256 (S.D.N.Y. 1996). The *Johnson* court concluded that under the reasoning of *Berry,* the continuing violations doctrine applies:

> " '[i]f the discriminatory acts within and without the limitation period are sufficiently similar and frequent to justify a conclusion that both are part of **a single discriminatory practice chargeable to the employer'** and the circumstances are such that the plaintiff was not bound to have sued earlier."

*McKenney v. New York City Off–Track Betting Corp.,* 903 F.Supp. at 622 (quoting *Johnson,* 891 F.Supp. at 165) (original emphasis).

■ Here, the only complained-of act that occurred during the 300–day limitations period was Detrick's termination. It does not appear, however, that the alleged acts of sexual harassment (which took place outside this period) and Detrick's transfer and termination "involve the same type of discrimination," as required under *Berry. See Berry,* 715 F.2d at 981. As the court noted in *LaBeach v. Nestle Co., Inc.,* 658 F.Supp. at 688, a termination "is a discrete act which is consummated at the time it is made, and is not of a continuing nature." *See also Malarkey v. Texaco, Inc.,* 559 F.Supp. 117, 121 (S.D.N.Y.1982). Similarly, resignation and transfer have also been considered discrete, completed acts. *See Bradley v. Consolidated Edison Co. of New York, Inc.,* 657 F.Supp. 197, 204 (S.D.N.Y.1987); *McPartland v. American Broadcasting Companies, Inc.,* 623 F.Supp. 1334, 1338 (S.D.N.Y.1985). Thus, the alleged acts of harassment complained of by Detrick and her transfer and termination may not be considered similar in kind.

Moreover, I reject Detrick's argument that her "termination should be considered the final and culminating act in the chain of hostile acts which created the 'hostile workplace.' " *See White v. Arab Banking Corp.,* 1996 WL 191727 (S.D.N.Y.1996) (the court declined to hold that "even an allegedly wrongful termination contributes to a hostile workplace finding"). As the *White* court noted, "[i]f every termination were considered the final act in a series of hostile acts, no

hostile workplace claim in which the plaintiff was also terminated would ever be time-barred." *Id.*

Finally, Detrick is not pursuing a retaliatory discharge claim against H & E. It is difficult to comprehend how her termination could be considered part of a continuum of illegal acts if she has not brought a separate claim for the discharge itself. Her failure to make such a claim indicates that perhaps even she did not consider her termination to be part of a continuing company policy condoning sexual harassment.

While the second prong of *Berry,* the frequency of the alleged acts, is not really an issue here, Detrick has also failed to meet the requirements of the third prong of the *Berry* test. Under this third prong, suit on a continuing violation theory is permitted "only if the circumstances are such that a reasonable person in the plaintiff's position would not have sued earlier." *Johnson v. Nyack Hosp.,* 891 F.Supp. at 165 (citations omitted). Detrick's counsel admitted that the harassment stopped once Detrick was transferred off the shop floor in March of 1993. "The timeliness of a discrimination claim is to be measured from the date the claimant had notice of the allegedly discriminatory action." *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir.1996) (citation omitted). Clearly, Detrick had notice of the alleged incidents of sexual harassment as they occurred. She could have filed her complaint with the EEOC and the DHR at any time while, or shortly after, the harassment took place. She failed to do so. Thus, it cannot be said that a reasonable person in Detrick's position would not have filed suit on the harassment charges earlier.

In sum, having failed to demonstrate that the sexual harassment, her transfer and termination were part of a "continuing violation," her Title VII claims are time-barred.

## C. Detrick's Equal Pay Act Claim

■ In order to state a cause of action for discrimination based on sex under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), Detrick must show that "i) [her] employer pays different wages to employees of the opposite

sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions." *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1310 (2d Cir. 1995). The burden then shifts to H & E to justify the disparity in pay by one of four affirmative defenses, only one of which is relevant here—that the differential is based on a factor other than sex. *See id.*

■ Detrick contends that her successor, a male, receives higher pay and greater benefits than she enjoyed while at H & E. H & E contends that John Terry ("Terry"), her male successor, is not a proper comparator for purposes of establishing a violation of the Equal Pay Act. *See Bielawski v. AMI, Inc.*, 870 F.Supp. 771, 775–776 (N.D.Ohio 1994). They argue that it is improper to permit Detrick to establish her prima facie case by comparing Detrick's salary and benefits with that of Terry because it is to be expected that a successor's salary would be higher than his predecessor's due to the forces of inflation. *Id.* However, a recent decision, *Dubowsky v. Stern, Lavinthal, Norgaard & Daly*, 922 F.Supp. 985, 991 (D.N.J.1996), expressly declined to follow *Bielawski*, holding that "[t]he weight of the existing authority, as well as the better logic, convince this Court to permit plaintiff to establish her prima facie case through" such a comparison. *See also, Taylor v. Philips Industries, Inc.*, 593 F.2d 783 (7th Cir.1979); *Moseley v. Kellwood Co.*, 1981 WL 307 (E.D.Mo.1981), citing *Strecker v. Grand Forks County Social Service Bd.*, 640 F.2d 96 (8th Cir.1980), implicitly overruled on other grounds, *Pullman–Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); 29 C.F.R. § 1620.13(b)(4) ("If a person of one sex succeeds a person of the opposite sex on a job at a higher rate of pay than the predecessor, and there is no reason for the higher rate other than difference in gender, a violation as to the predecessor is established ...."). I agree with the *Dubowsky* court's reasoning and conclude that it is appropriate to allow Detrick to compare her job with that of her successor.

■ Having permitted such a comparison, the issue presented here is whether Detrick has met her burden to show, by competent, admissible evidence, that her purchasing assistant position and the position held by her successor are "substantially equal." *See Tomka*, 66 F.3d at 1310 ("A plaintiff need not demonstrate that her job is identical to a higher paid position, but only must show that the two positions are 'substantially equal'"). H & E contends that the "new" position held by Detrick's successor, Terry, is substantially different from Detrick's old job. It argues that Terry performs duties in addition to those performed by Detrick. In support of this contention, H & E submitted three affidavits, two by Stearns and one by Jutta Locker, explaining in detail how Detrick's and Terry's jobs differ.

In her affidavit in opposition to the motion for summary judgment, Detrick describes her duties as a purchasing assistant. However, when she attempts to compare her duties with those of her successor, she simply states that:

15. I have read the description of the duties allegedly performed by the male person who replaced me at H & E Machinery. Because the job description is so imprecise, it is difficult to tell exactly what this person is called upon to do.

16. However, to the extent that I am able to tell, and upon information and belief, I believe the job this person was hired to perform is substantially equal to the production assistant job I had at H & E. He is supervised by the same management and appears to do the same work. (Detrick Affidavit at ¶¶ 14–16.)

While Detrick is perfectly competent to testify about her own job requirements, she clearly lacks personal knowledge regarding Terry's job requirements and as such, her testimony in that regard is incompetent. The only other evidence in the record to support Detrick's claims that the jobs are "substantially equal," is a portion of her deposition testimony which indicates that Detrick learned from an employee at H & E that Terry was performing Detrick's old job for higher pay and benefits. However, this is not competent evidence upon which to determine the nature of Terry's duties.

In order to defeat a motion for summary judgment, the opposing party must present competent, admissible evidence setting forth specific facts demonstrating the existence of a triable issue of fact. The failure to produce such evidence warrants the entry of summary judgment. *See* Federal Rules of Civil Procedure, Rule 56. As the Second Circuit noted in *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985), "[t]o allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all [such] cases."

In *Koster v. Chase Manhattan Bank, N.A.,* 609 F.Supp. 1191, 1195 (S.D.N.Y.1985), the court found that the plaintiff's "failure to produce any specific evidence of males performing work substantially equal to hers at a higher rate of pay ... [was] fatal" to her EPA claim. *See Reece v. Martin Marietta Technologies, Inc.,* 914 F.Supp. 1236, 1242 (D.Md.1995) (the plaintiff failed to establish prima facie case where she presented no admissible evidence that jobs in question were substantially equal). Similarly, in the instant case, Detrick has failed to present any competent evidence demonstrating the substantial similarity between her job and that of her successor. At best, she may have identified some areas of overlap between her job requirements and those of her successor. However, "jobs which are 'merely comparable' are insufficient to satisfy a plaintiff's prima facie burden." *Tomka,* 66 F.3d at 1310. Thus, the fact that there is some overlap in the requirements of the two jobs, is not, without more, "sufficient to show substantial equality under the EPA." *See Koster,* 609 F.Supp. at 1194.

Discovery is now closed. Neither Terry nor any H & E officer was examined about the nature of Terry's duties. There is simply no evidence to support Detrick's allegation that the jobs are substantially equal. At this point, Detrick's claim remains "no more than speculation." *See Koster,* 609 F.Supp. at 1195. Accordingly, Detrick has failed to meet her prima facie burden and H & E is entitled to judgment on Detrick's EPA claim as a matter of law.

### D. Detrick's Intentional Infliction of Emotional Distress and Negligence Claims

Detrick admitted at oral argument and in her opposition papers that her emotional distress claim is barred by the applicable statute of limitations—one year. *See* CPLR § 215. Further, at oral argument, Detrick's counsel conceded that her negligence claim is preempted by the applicable Worker's Compensation laws. Accordingly, those claims are dismissed.

### E. Detrick's Cause of Action Under New York's Human Rights Law

Because I have concluded that H & E is entitled to judgment on Detrick's Title VII and EPA claims, I decline to exercise jurisdiction over her remaining cause of action under New York's Human Rights Law. *See Choe v. Fordham Univ. School of Law,* 81 F.3d 319 (2d Cir.1996). Accordingly, this claim is dismissed.

### CONCLUSION

For the reasons set forth above, H & E's motion for summary judgment on Detrick's Title VII, EPA and state law claims is granted, and Detrick's complaint is dismissed.

IT IS SO ORDERED.