**Bruce BARNHART, Plaintiff,**

v.

**TOWN OF PARMA, Defendants.**

**No. 07–CV–6056T.**

United States District Court,
W.D. New York.

Sept. 15, 2008.

Christina A. Agola, Rochester, NY, for Plaintiff.

James C. Holahan, Ward, Norris, Heller & Reidy, LLP, Rochester, NY, for Defendants.

## DECISION & ORDER

MARIAN W. PAYSON, United States Magistrate Judge.

### PRELIMINARY STATEMENT

By order dated July 3, 2007, this matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 8). Currently pending before this Court is plaintiff's motion to amend his Complaint and to add another plaintiff. (Docket # 15). Defendants oppose the motion to add a party plaintiff and oppose certain (but not all) of the proposed amendments. (Docket # 19).

### PROCEDURAL HISTORY

On February 27, 2006, plaintiff Bruce Barnhart ("Barnhart") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against his employer, the Town of Parma, New York (the "Town"). (Docket # 15). That charge alleged that his supervisor, Al Leone ("Leone"), subjected him to age discrimination and gender-based harassment. (Docket # 15). On October 4, 2006, Barnhart filed an amended charge with the EEOC alleging that the Town had retaliated against him for having engaged in protected activity. (Docket # 15). After the EEOC issued right to sue letters relating to both charges (Docket # 15), Barnhart commenced this action on January 26, 2007. (Docket # 1). Barnhart thereafter filed a second amended charge with the EEOC alleging further retaliation by the Town. (Docket # 15).

On June 6, 2007, Paul Eichas ("Eichas") filed a charge with the EEOC alleging that the Town had discriminated against him on the basis of age and had retaliated against him. (Docket # 15). On July 11, 2007, Eichas filed a second EEOC charge alleging further retaliation by the Town. (Docket # 15). Eichas received a right to sue letter from the EEOC on August 2, 2007. (Docket # 15). Barnhart now moves to add Eichas as a party plaintiff in this action.

Barnhart's originally-filed Complaint asserts three causes of action against the Town and an unidentified "Town Board Supervisor": a claim of discrimination under the Age Discrimination in Employment Act ("ADEA") (first cause of action); a claim of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") (second cause of action); and, a claim of retaliation under the New York State Human Rights Law ("NYSHRL") (third cause of action). (Docket # 1). His current motion seeks the following relief: (1) withdrawal of his ADEA claim; (2) addition of causes of action for gender-based discrimination, namely, same-sex harassment under Title VII and the NYSHRL; (3) addition of a cause of action for same-sex harassment under the Equal Protection Clause, pursuant to 42 U.S.C. § 1983; and, (4) addition of Eichas as a party plaintiff in all causes of action except that alleging same-sex harassment under Title VII.[1] Barnhart further seeks to amend his complaint to include additional factual allegations. (Docket # 15).

---

1. Without explanation, the Town asserts that Barnhart's motion also seeks permission to delete the unidentified "Town Board Supervisor" as a defendant in this action. (*See* Docket # 15-10 at 2). My review of the proposed Amended Complaint and moving papers does not identify this modification as part of the relief Barnhart seeks. If, however, the parties have agreed to this change, the proposed Amended Complaint may be modified to reflect that agreement. If not, the Town must make a motion for such relief if it believes it is warranted.

The Town does not oppose the first and second amendments—amendments that indeed are proper under Rule 15 of the Federal Rules of Civil Procedure. It does oppose the third and fourth proposed changes, which are addressed below.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed.R.Civ.P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago,* 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182, 83 S.Ct. 227; *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 46 (2d Cir.1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d at 131. The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. *See Hampton Bays Connections, Inc. v. Duffy,* 212 F.R.D. 119, 123 (E.D.N.Y.2003) (citing *A.V. by Versace, Inc. v. Gianni Versace S.p.A.,* 160 F.Supp.2d 657, 666 (S.D.N.Y. 2001)). The proposed amended claim must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). Rather, it "must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,* 507 F.3d 117, 121 (2d Cir.2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1966); *Sengillo v. Valeo Elec. Sys., Inc.,* 536 F.Supp.2d 310, 312 (W.D.N.Y.2008) (applying *Bell Atlantic Corp.* standard).

Of particular importance in considering a party's motion to amend is whether the nonmoving party will be prejudiced by such an amendment. According to the Second Circuit, when evaluating prejudice, a court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) (citations omitted).

█ "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *Krumme v. WestPoint Stevens Inc.,* 143 F.3d 71, 88 (2d Cir.), *cert. denied,* 525 U.S. 1041, 119 S.Ct. 592, 142 L.Ed.2d 534 (1998) (internal quotation omitted). Mere delay, however, unaccompanied by either bad faith or undue prejudice, does not warrant denial of leave to amend. *Block v. First Blood Assocs.,* 988 F.2d at 350 (citing *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981)).

**A.** *Addition of Party Plaintiff:* To analyze Barnhart's motion to add Eichas as a

plaintiff and to permit him to assert same-sex harassment and retaliation claims against the Town, I turn first to consideration of Fed.R.Civ.P. 20(a)(1). That rule requires satisfaction of two criteria in order to permit joinder of persons as party plaintiffs. Specifically, the rule provides:

Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a)(1).

As with motions to amend the pleadings pursuant to Rule 15, courts have interpreted the requirements of Rule 20(a) liberally to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g., Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *Liegey v. Ellen Figg, Inc.,* 2003 WL 21361724, *3 (S.D.N.Y.2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1421 (S.D.N.Y.1989) ("purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits"). As the Supreme Court has observed, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The Town does not contest that plaintiff has met the second requirement of Rule 20 (common question of law or fact). (*See* Docket # 22 at 2). They do dispute, however, whether plaintiff has satisfied the first requirement, namely, whether Barnhart and Eichas both assert claims "arising out of the *same transaction, occurrence, or series of transactions or occurrences." See* Fed. R.Civ.P. 20(a)(1) (emphasis added).

To assess whether Eichas's proposed claims satisfy the "same transaction" test, the following factual assertions are salient. Both Barnhart and Eichas are long-term employees of the Town's Highway Department—Barnhart having worked in the department for approximately twenty-seven years; Eichas for approximately twenty-two years.[2] Both were supervised by the same manager, Al Leone, during the time period when their claims arose. Both claim that they were subject to same-sex harassment and retaliation by Leone.

As to the harassment claims, both allege that Leone treated them and other male employees differently from female employees. Both assert that Leone threatened and harassed them by complaining that they were "useless" and "stating that [they] need[ed] to work harder 'until [they] die[ ]' or 'to just retire[ ].' " Each also alleges that he complained to Leone and to the Town Supervisor, but that his complaints were not redressed. (*See* Docket # 16 at ¶¶ 11–14, 22–25).

To the contrary, both further assert, their complaints resulted in similar acts of retaliation by Leone. According to the proposed amended complaint, Leone denied both of them requested vacation leave and assigned them menial jobs despite their seniority. (*Id.* at ¶¶ 17–18, 28). Eichas also claims that Leone subjected him to unspecified "undue discipline" and deprived him of "overtime"[3] as part of his ongoing course of retaliation.

---

**2.** A review of the exhibits submitted by the Town in connection with this motion suggests that the department employed approximately a dozen individuals during the relevant time period, including Eichas, who worked as a Heavy Motor Equipment Operator, and Barnhart, who worked as a Motor Equipment Operator. (Docket # 19, Exhibits ("Exs.") E and H).

**3.** The proposed Amended Complaint does not make clear whether Eichas's overtime claim is that he was denied pay for overtime that he had worked or that he was denied the opportunity to work overtime hours.

(*Id.* at ¶¶ 28, 30). Barnhart's retaliation claim does not include these allegations.

Although the proposed Amended Complaint does not particularize the time period during which the alleged harassment occurred, it does include various allegations from which the inference reasonably may be drawn that the challenged conduct occurred within the same general time frame. For example, the proposed Amended Complaint (dated October 11, 2007) notes that Barnhart filed a charge of discrimination with the EEOC on February 24, 2006, and was retaliated against thereafter and that Eichas, less than four months later, in June 2006, retained counsel concerning his complaints of similar harassment by Leone and was retaliated against thereafter. (Docket # 16 at ¶¶ 15–16, 26–28). Moreover, they both swore out EEOC charges during the same month (May 2007) complaining that Leone had assigned them menial tasks in retaliation for complaining about his harassing conduct. (*See* Docket # 15–2).

The Town maintains these factual assertions are insufficient to meet the "same transaction" requirement of the Fed.R.Civ.P. 20(a)(1) because "none of the [ ] allegations specify the dates, time or places where the allegedly wrongful conduct occurred, and there are no allegations by either employee that the other was present to witness, let alone experience, the discriminatory or retaliatory conduct that each allegedly endured." (Docket # 19–10 at 4). In other words, the Town appears to argue that the absence of concrete allegations that Leone harassed, demeaned or retaliated against Barnhart and Eichas during the same incident or incidences is fatal to plaintiff's joinder motion. I do not read the relevant caselaw as restrictively as the Town does.

◼ Courts within this Circuit repeatedly have interpreted the phrase "same transaction" to encompass "all logically related claims" and have counseled that such determinations are to be made on a case-by-case basis. *See, e.g., Blesedell v. Mobil Oil Co.*, 708 F.Supp. at 1421 (phrase "permits all 'logically related claims' by or against different parties to be tried in a single proceeding"; "[i]n ascertaining whether a particular situation constitutes a transaction or occurrence for purposes of Rule 20(a), a case by case approach is generally pursued"). *Accord, e.g., Tardd v. Brookhaven Nat'l Lab.*, 2007 WL 1423642, *9 (E.D.N.Y.2007); *Epstein v. Kemper Ins. Cos.*, 210 F.Supp.2d 308, 320 (S.D.N.Y.2002); *Fong v. Rego Park Nursing Home*, 1996 WL 468660, *2 (E.D.N.Y.1996). *See also Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir.1983) (Rule 20 "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding[;][a]bsolute identity of all events is unnecessary") (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974)). In other words, joinder does not depend on the existence of claims arising from the same incident or occurrence; rather, " 'transaction' is a word of flexible meaning [that] ... may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. General Motors Corp.*, 497 F.2d at 1333 (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). *Accord Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir.2000).

In construing the term "transaction or occurrence" under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims. *See, e.g., Mosley*, 497 F.2d at 1333; *Blesedell*, 708 F.Supp. at 1421. As the Second Circuit has observed in the Rule 13 context, to determine whether a counterclaim arises out of the same transaction as the original claim, the court must assess the logical relationship between the claims and determine whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979) (internal quotation omitted). When making this determination, the Second Circuit "take[s] a broad view, not requiring an absolute identity of factual backgrounds ... but only a logical relationship between them." *Id.* (internal quotation omitted).

■ Applying the principles and considerations enunciated in the above-cited cases, I find that the requirements for joinder have been satisfied in this case. Here, two long-time employees of the Town, who worked in the same department, both allege that the same supervisor subjected them to a course of harassment based on their gender and retaliation based on their complaints about the harassment. The alleged harassing conduct occurred during the same general time frame (2005–2006), and the alleged retaliatory conduct occurred during substantially overlapping periods of time (2006–2007). The conduct about which they complain—verbal abuse, assignment to menial tasks typically assigned to a less senior employee or shared among employees, denial of vacation leave—is significantly similar in nature and specifics. In addition to experiencing the same type of harassment and retaliation, both plaintiffs also allege that they complained about Leone's conduct to the Town Supervisor, but that no remedial action was taken to address their complaints.

Considering the overlap in actors (same department, same supervisor, same Town Supervisor), conduct (same-sex harassment and retaliation), time frame and efforts to redress the conduct (complaints to the Town Supervisor), I find that Barnhart's and Eichas's claims are logically related and will give rise to common issues of law and fact. *See Blesedell,* 708 F.Supp. at 1422 (denying motion to sever into separate trials claims asserted by three plaintiffs in Title VII sexual harassment action; "[a]ll three of the plaintiffs ... allege sexual harassment during their tenure at [defendant] and ... name at least one common actor[;] ... all of the plaintiffs complained of this harassment to a superior and obtained no response[;][f]urthermore, and more significantly, all of the plaintiffs complain of sexually discriminatory actions by ... their supervisor for a nine-month period, in placing them on probation and in decreasing their performance ratings"). *Cf. Tardd v. Brookhaven Nat'l Lab.,* 2007 WL 1423642 at *10 (granting motion for separate trials of claims made by plaintiffs in

employment discrimination action, noting, "plaintiffs worked in different departments, for different people, and allege different factual circumstances giving rise to their allegedly discriminatory treatment").

I further find that interests of judicial economy will be served by joinder of these parties and their claims in a single action.[4] In addition, I note that the Town has not demonstrated that it would be prejudiced by joinder at this stage of the litigation. The case is still in the early stages of discovery, and the instant motion was timely filed within the deadline set by this Court in its original scheduling order. (*See* Docket # 12).

Of course, these findings are made on the basis of the allegations in the pleadings and obviously do not take into consideration facts outside the pleadings, which may be further developed and explored during discovery. For example, the Town points to perceived variances between Eichas's allegations in the proposed Amended Complaint and allegations he made outside the pleadings (*e.g.,* in grievances filed pursuant to the collective bargaining agreement). Those issues must await discovery. If, after discovery, the Town continues to believe that joinder of the two plaintiffs' claims for trial would be improper, it may file a motion for separate trials under Fed.R.Civ.P. 42(b). *See Epstein v. Kemper Ins. Cos.,* 210 F.Supp.2d at 320 (district courts have broad discretion in determining whether to grant motions for separate trials).

**B.** *Proposed Section 1983 Claim*: Barnhart's second contested motion is for leave to amend his complaint to permit both plaintiffs to assert against the Town of Parma equal protection claims based upon same-sex harassment pursuant to 42 U.S.C. § 1983. (Docket # 15). The Town opposes the motion on the grounds that the plaintiffs' allegations fail to state a claim upon which relief may be granted. (Docket # 19–11).

The allegations comprising the proposed Section 1983 claims against the Town are indeed sparse. Specifically, both Barnhart

---

4. The Town also urges me to exercise discretion to deny the motion for joinder even if I find that the Rule 20(a) requirements have been met. Be-

cause I believe that joinder will promote efficiency and judicial economy, I decline to exercise my discretion as the Town requests.

and Eichas allege that Leone treated them and other male employees "in a deplorable manner that contradicts the defendant's Employee Handbook." (Docket # 16 at ¶¶ 11, 22). Both further assert that they complained about the harassment to the Town Supervisor, but that no remedial action was taken. (*Id.* at ¶¶ 14, 25). According to the proposed Amended Complaint, a hearing was held before the Town Board concerning Leone's treatment of him, but the hearing also did not result in any remedial action. (*Id.*).

Plaintiffs contend that the allegations set forth above are sufficient under the notice pleading requirements of Fed.R.Civ.P. 8(a)(2) to state a claim for municipal liability under Section 1983 for same-sex harassment. *See* Fed.R.Civ.P. 8(a)(2) ("a claim for relief must contain ... a short and plain statement of the claim showing that the pleading is entitled to relief"). *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (notice pleading standard of Fed.R.Civ.P. 8(a)(2) applies to employment discrimination claims); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (claims asserting municipal liability are not subject to heightened pleading standard, but need only satisfy notice pleading requirements of Rule 8). The Town disagrees, pointing out that the proposed Amended Complaint "nowhere alleges that the same sex harassment was motivated by some unconstitutional policy, practice, or custom of the Town." (Docket # 19–10 at 9–10). It further avers that the Town has adopted a policy prohibiting sexual harassment and establishing procedures for addressing violations of the policy. (*Id.* at 10).

The Second Circuit has recognized that sexual harassment claims under the Equal Protection Clause are actionable under Section 1983. *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143–44 (2d Cir.1993). Section 1983 permits actions against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

■ Municipalities may be found liable under Section 1983 only where the violation resulted from a municipal custom, policy, pattern or practice; liability may not be based on a theory of respondeat superior. *See Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Of course, the policy or custom "need not be contained in an explicitly adopted rule or regulation," *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir.1992), but may consist of practices that are so "persistent and widespread" that they constitute a "custom or usage with the force of law." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir.2004) (citing *Sorlucco v. New York City Police Dep't*, 971 F.2d at 870). However, "before the actions of subordinate [municipal] employees can give rise to § 1983 liability, their discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials." *Sorlucco*, 971 F.2d at 871 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)). *See also Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir.2007) ("*Monell's* policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions") (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). Also, "[a]ctions by an individual with final decision-making authority in a municipality constitute official policy for purposes of a § 1983 claim." *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir.2003) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

■ Although plaintiffs' factual allegations—bare-boned as they are—do not readily reveal plaintiffs' theory for imposing municipal liability against the Town, I conclude that they are minimally sufficient to satisfy the less than rigorous pleading standards of

Rule 8. During oral argument, counsel for plaintiffs maintained that they were proceeding under a theory of "acquiescence," namely, that Leone's harassing conduct was so persistent and widespread that the failure of senior policy-making officials to redress it should be considered acquiescence by the Town in such discriminatory practices or customs. I agree that plaintiffs' allegations are consistent with this theory and sufficient to withstand dismissal at this stage. I also believe that plaintiffs' allegations that they complained to the Town Supervisor may also support the theory of municipal liability based upon actions by a Town employee with final decision-making authority. *See Costabile v. County of Westchester, N.Y.,* 485 F.Supp.2d 424, 435 (S.D.N.Y.2007) (allegation that "actions toward [plaintiff] were part of a pattern of misconduct and harassment toward disabled individuals that was known by the County" sufficient to state a Section 1983 action against county). *See also Hawkins v. County of Oneida, N.Y.,* 497 F.Supp.2d 362, 378 (N.D.N.Y.2007) (denying county's motion for summary judgment on § 1983 employment discrimination claims against it, finding questions of fact as to (1) whether Undersheriff had final policy-making authority concerning employment decisions and (2) whether there was a persistent or widespread custom of discrimination within the Sheriff's Department). *Cf. Kern v. City of Rochester,* 93 F.3d 38, 44 (2d Cir. 1996) (affirming dismissal of Section 1983 claims against municipality based upon sexual harassment by plaintiff's supervisor where the complaint presented "no indication that either the City or [the harasser's] supervisors at the [department] knew of [the harasser's] alleged womanizing"; nor was there any indication that plaintiff ever complained about the conduct), *cert. denied,* 520 U.S. 1155, 117 S.Ct. 1335, 137 L.Ed.2d 494 (1997). Whether sufficient evidence will be developed through discovery to withstand a motion for summary judgment by the Town on either or both theories is, of course, an altogether different question that this decision in no way prejudges.

### CONCLUSION

For the foregoing reasons, Barnhart's motion for leave to file an amended complaint (Docket # 15) is **GRANTED.** The Amended Complaint shall be filed and served by no later than ten (10) days from entry of this Order.

**IT IS SO ORDERED.**